PROVIDED TO LAKE CI
On 10/7/23 For Mailing
Day Mth Yr
By PE

FILED
23 JUL 13 AM 10: 54
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA FLORIDA

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
для the
Middle District of Florida

Ocala Division

ANTONIO JOHNSON

Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

JALEESA M. CAPLE,
RASHON A. SPINKS

Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. 5:22-cv-00626-PGB-PRL
(to be filled in by the Clerk's Office)

Amended Complaint

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- **Name**: ANTONIO JOHNSON
- **All other names by which you have been known**: TONY JOHNSON, TIMOTHY DAVIS
- **ID Number**: #446897
- **Current Institution**: LAKE CORRECTIONAL INSTITUTION (LCI)
- **Address**: 19225 U.S. Highway 27
  Clermont, Fla. 34715
  *City / State / Zip Code*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**
- Name: JALEESA M. CAPLE
- Job or Title (if known): Administrative Lieutenant
- Shield Number:
- Employer: LAKE CORRECTIONAL INSTITUTION
- Address: 19225 U.S. Highway 27
  Clermont, Fla. 34715
  *City / State / Zip Code*
- [X] Individual capacity   [ ] Official capacity

**Defendant No. 2**
- Name: RASHON A. SPINKS
- Job or Title (if known): Correctional Officer / Promoted to a Sergeant
- Shield Number:
- Employer: LAKE CORRECTIONAL INSTITUTION
- Address: 19225 U.S. Highway 27
  Clermont, Fla. 34715
  *City / State / Zip Code*
- [X] Individual capacity   [ ] Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**
Name
Job or Title *(if known)*
Shield Number
Employer
Address

_____ _____ _____
City        State        Zip Code

☐ Individual capacity   ☐ Official capacity

**Defendant No. 4**
Name
Job or Title *(if known)*
Shield Number
Employer
Address

_____ _____ _____
City        State        Zip Code

☐ Individual capacity   ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

First Amendment claim for Retaliation

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendant Caple's Retaliated against Johnson because he filed a complaint with the Office of the Inspector General, and she conspired with Defendant Spinks to plant a cellphone on Johnson

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

The claim arose at Lake Correctional Institution on August 6, 2021

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

The incident happened on August 6, 2021 at approximately 2:10 p.m.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Page 5(a), thru 5(b)

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

None

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff requests a declaratory judgment declaring that defendants violated his First Amendment Right, and grant Plaintiff $150,000.00 in Compensatory Damages against each defendant, and $150,000.00 in Punitive Damages against each defendant, and grant Plaintiff $1.00 in Nominal Damages against each defendant, and costs & attorney fees.

1. Plaintiff ("Johnson") filed a complaint to the Office of the Inspector General concerning matters at Lake Correctional Institution (LCI), in Reference to Misappropriation of Canteen Stock.

2. On August 5, 2021 the Inspector General's Office Responded to Johnson's complaint, and Referred the matter to the Regional Director and the facility Warden (Christopher Edelen) for Review. This complaint was documented as 21-CORR01698. The Warden Referred the matter to Lieutenant Jaleesa M. Caple ("Caple") to handle this matter. Caple conspired with Officer Spinks ("Spinks") to Retaliate against Johnson for exercising his free speech Rights. During this secret meeting between Caple and Spinks, she gave Spinks a cellphone to plant on Johnson.

3. On August 6, 2021 at approximately 2:10 p.m., Johnson was in E-Dormitory, Quad Four, sitting in the Day Room watching T.V.. At that time, Caple ordered Spinks to go and search Johnson's cell. While watching T.V., Spinks and another officer (TEA), Rushed in Quad Four. Johnson noticed Spinks had a piece of paper in his hand[1] and Rushed directly to Johnson's cell (E4-211) and searched his cell at 2:13 p.m. for 30 minutes (caught on video camera). Johnson immediately got on the prison telephone (which is Recorded) and called his wife, telling her about the search, and that this was Retaliation because of the email to the Inspector General's Office as mentioned above. Johnson's wife immediately sent an email to the Office of the Inspector General about the matter.

4. Spinks came out of Johnson's cell with a brown paper bag, and gave the bag to the TEA. Spinks ordered Johnson to get off the prison telephone and submit to a strip search. Johnson noticed something small & black in Spinks hand while his fist was bald up. While Johnson was naked,

---

[1] The paper had Johnson's cell (Room) number on it.

Spinks grabbed Johnson's blue shorts and made it appear as he retrieved a small black cell phone from the inside lining of his blue shorts. Johnson protested and said "You planted that on me." <u>The video camera would show Johnson was set up.</u> Spinks placed Johnson in hand restraints and escorted him outside. At that time, he radioed for Caple to come to the scene. Before her arrival, Spinks took Johnson's watch off his arm and dropped it inside the brown paper bag.

5. Spinks told Johnson, "<u>You pissed off the wrong person in the Administration here.</u>" When Caple arrived on the scene Spinks gave her the brown paper bag with this alleged cell phone inside, Johnson's watch, and his small blue notebook. Caple told Spinks to take Johnson to confinement, "write an Incident Report and a Disciplinary Report (DR)," and she told Spinks to "give it to your Captain [Graham][1] and have him sign off on it. Good Job, I'll make you a Seargent soon." is what Caple's told Spinks. Caple never stored the evidence in the Temporary Storage Location (TSL) as no time was listed on form DC1-801 when this evidence was stored. Procedure # 108.017 (2)(b).

6. On August 11, 2021, Johnson was served a D.R. for the Infraction. After Caple Realized what she had done, she destroyed the evidence that were in her possession, that's why the evidence wasn't stored in the TSL with a time it was alleged to be stored. She knew her involvement would be exposed. Johnson was never convicted of the infraction.

7. On August 19, 2021, Johnson had filed a "Grievance of Reprisal" directly to the Office of the Secretary, and said grievance was swept under the rug and was never responded to within 30 days – thereby constitutes a denial.

---

[1]. Captain Graham was the Shift Supervisor and later told Johnson that he wanted no parts of the set-up nor participated in it.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

LAKE CORRECTIONAL INSTITUTION

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Retaliation claim - 1st Amendment

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☒ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   Directly to the Office of the Florida Department of Corrections- Secretary

2. What did you claim in your grievance?

   That the adverse action(s) taken against me was Reprisal

3. What was the result, if any?

   The Secretary failed to Respond within 30 days constitutes a denial

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   Yes.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

    _N/A_

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

    _N/A_

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☒ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_Can't remember, prior documents, papers & orders were destroyed or lost by FDOC._

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ANTONIO JOHNSON

   Defendant(s) JALEESA M. CAPLE and R.A. SPINKS

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Fifth Judicial Circuit in and for Lake County, Florida

3. Docket or index number

   35-2022-CA-001642

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   August 24, 2022

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition. December 1, 2022

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Case was Removed from the State Court to this Court (Federal Court).

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
    Plaintiff(s) ___Johnson___
    Defendant(s) ___Sgt. Golden___

2. Court *(if federal court, name the district; if state court, name the county and State)*

    ___Tampa Division in the U.S. District Court___

3. Docket or index number
    ___Can't Remember___

4. Name of Judge assigned to your case
    ___Can't Remember___

5. Approximate date of filing lawsuit
    ___I believe in 2007___

6. Is the case still pending?

    ☐ Yes

    ☒ No

    If no, give the approximate date of disposition ___Can't Remember___

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    ___dismissed___

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 07-10-23

Signature of Plaintiff: [signature]
Printed Name of Plaintiff: ANTONIO JOHNSON
Prison Identification #: #446897
Prison Address: 19225 U.S. Hwy. 27
Clermont, Fla. 34715

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Address:

Telephone Number:
E-mail Address: